JUDGE SWEET    12 CIV 6805

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
DIANA WILLIAMS,

                      Plaintiff,

   -v.-                                            COMPLAINT

THE CITY OF NEW YORK,

                      Defendant.
-------------------------------------------------------------X

(RECEIVED SEP 7 2012 U.S.D.C. S.D.N.Y. CASHIERS)

## COMPLAINT

NOW COMES PLAINTIFF, Diana Williams, by her attorneys, Simon, Eisenberg & Baum, LLP and as and for her Complaint, alleges as follows:

### NATURE OF THE ACTION

1. This is an action on behalf Diana Williams, who is hearing-impaired. Ms. Williams was arrested on false charges by police officers employed by Defendant The City of New York and was never provided with a sign-language interpreter at any point after being arrested, despite repeated demands for the same being made by her, except while hospitalized for medical treatment which was needed as a result of the abusive and improper conduct of the police officers in question. Ultimately, the false charges were dropped as totally baseless. This Complaint states causes of action under federal and state law for violation of civil rights. It also states causes of action in tort under common law.

### PARTIES

2. At all times hereinafter mentioned, Plaintiff Diana Williams has been and still is a resident of Frederick County, Maryland.

3. At all times hereinafter mentioned, Defendant City of New York was and still is a

duly incorporated municipality of the State of New York, County of New York, whose seat of governance was and still is located at 250 Broadway, New York, NY, 10007.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that this civil rights action arises under federal law, *see* 29 U.S.C. § 621 et seq. The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367 and principles of pendent and/or ancillary jurisdiction.

5. This court has *in personam* jurisdiction over Defendant because it is located in, conducts operations within, transacts business in and provide services within New York City, and their principal place of activity and operations is located in the New York County, State of New York.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because the Defendant resides here and a substantial part of the events occurred here.

## BACKGROUND

7. On Sunday, September 11, 2011, Plaintiff was arrested by multiple officers of the New York City Police Department on the premises of a residential building she owned with her husband which is located at 265 Hillbrook Drive, Staten Island, New York, 10305.

8. On September 11, 2011, the tenants who lived at 265 Hillbrook Drive in Staten Island, New York, were moving out.

9. Plaintiff instructed the tenants who lived at 265 Hillbrook Drive in Staten Island, New York to remove themselves and their possessions by September 11, 2011. During this process, the police were called.

10. On the morning of September 11, 2011, two officers from the New York City

2

Police Department arrived at 265 Hillbrook Drive in Staten Island, New York. As Plaintiff walked out of the premises, a New York City Police Officer came right to Plaintiff's face and stopped her. Plaintiff requested an interpreter because she is deaf, but her request was denied.

11. In the early afternoon of September 11, 2011, Plaintiff was arrested without any justification and explanation as to the charges against her.

12. Plaintiff was taken to Precinct Number 122 of the New York City Police Department in Staten Island, New York and put in a cell. The cell conditions were deplorable.

13. Plaintiff became extremely emotionally scared and upset as she waited for an interpreter.

14. Although Plaintiff repeatedly informed the arresting officers that she was hearing-impaired and demanded the assistance of a sign-language interpreter, the arresting officers refused to provide such assistance. The charges against Plaintiff were not communicated to her.

15. Plaintiff was then placed back in a police car, at which time she repeated her requests for an interpreter. Additionally, due to her condition, she attempted to communicate to the police officers that she needed to go to the hospital. Again, her requests were ignored.

16. Plaintiff was taken to Precinct Number 120 of the New York City Police Department and placed her in a cell. The cell conditions were deplorable.

17. Again, Plaintiff attempted to communicate that she needed to go to a hospital because she was having trouble breathing.

18. In the evening on September 11, 2011, Plaintiff was transported to St Vincent's Hospital in Staten Island, New York where she was treated for a panic attack. At the hospital, Plaintiff was provided with an interpreter. Plaintiff indicated to the interpreter at the hospital that Plaintiff needed an interpreter to communicate with the Defendant. The interpreter at the hospital

3

indicated to the Plaintiff that she would let the police officers know that Plaintiff required the assistance of an interpreter to communicate with the police officers.

19. Plaintiff was taken back to Precinct Number 120 and thrown back in a cell.

20. Plaintiff again began to suffer from anxiety and was unable to breathe.

21. The police officers were physical with Plaintiff.

22. Finally, the police officers provided Plaintiff with paper and pen, and Plaintiff was able to write her request for an interpreter and indicate that she needed to be taken to the hospital because she was having trouble breathing.

23. Plaintiff was taken to a different hospital on the night of September 11, 2011. She was not provided with an interpreter at the hospital, but Plaintiff did receive some treatment.

24. Plaintiff was taken back to the precinct after she received treatment at the hospital.

25. Despite the repeated requests for an interpreter, she still was not provided with an interpreter.

26. Plaintiff was held against her will overnight without any communication whatsoever regarding the charges against her. Although Plaintiff continued to inform the police that she was hearing-impaired and required a sign-language interpreter, police officers continued to intentionally and/or recklessly disregard her pleas and denied her any assistance at the police precinct.

27. The police officers continuously mocked and ridiculed Plaintiff because of her inability to hear and speak with her voice.

28. On September 12, 2011, while still in police custody, Plaintiff was taken to court and, without even appearing in front of a judge or being provided with an attorney, all charges

against her were dropped and she was released with no further explanation or apology.

29. At no time did the Defendant provide Plaintiff with a sign-language interpreter despite her repeated requests. At no time did the Defendant communicate with Plaintiff regarding the charges brought against her.

30. As a result of Defendant's actions, Plaintiff continues to suffer from severe emotional pain and suffering along with anxiety attacks.

31. On or about December 8, 2011, Plaintiff filed a Notice of Claim with the City of New York regarding claims for false arrest, assault, denial of constitutional rights, negligent hiring, intentional infliction of emotional distress, failure to accommodate disability (hearing impairment).

32. On March 6, 2012, pursuant to Section 50-h of the General Municipal Law, Plaintiff appeared for her hearing.

33. At said hearing, Plaintiff's request for her own sign language interpreter to be present during the hearing was unlawfully refused, by Defendant's attorney on its behalf.

34. At the 50-h hearing, Plaintiff's request to voir dire the sign language interpreter who was present was also denied, by Defendant's attorney on its behalf.

## COUNT I
### (Denial of Constitutional Rights)

35. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "34" as if set forth more fully and at length herein.

36. Defendant acted under color of statute, ordinance, regulation, custom or usage of a State.

37. As set forth above, Defendant denied Plaintiff the right to give evidence, enforce contracts and to the full and equal protection of all laws and proceedings for the security of

5

persons and property as is enjoyed by white citizens. Defendant's actions violate 42 U.S.C. §1983 and the laws of the State of New York.

38. Specifically, Defendant stopped Plaintiff without reasonable suspicion and arrested her without probable cause to believe she had committed a crime. Defendant used wanton and unnecessary force to place Plaintiff in their custody, failed to provide adequate treatment for his medical injuries, failed to accommodate her hearing impairment and failed to afford her due process of law, intentionally charging her with spurious and/or false offenses solely for the purpose of harassment and degradation.

39. As the direct and immediate result of the foregoing conduct, Plaintiff has been caused to suffer loss of income and reputation, and extreme and grievous physical, emotional and psychological trauma, all to her detriment.

40. The actions described herein constitute not an isolated incident but rather part of a pattern and practice routinely followed as policy within the New York City Police Department, indicative of a custom to disregard the constitutional rights of persons who have hearing impairments.

41. The actions described herein clearly violate established statutory and constitutional norms and it was not objectively reasonable for the officers involved to have believed their conduct could have been legal.

42. The City of New York is liable for the actions of its police officers under theories of agency and *respondeat superior*.

## COUNT II
**(Discrimination based on Disability under City, State and Federal Law)**

43. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "42" as if set forth more fully and at length herein

44. 42 U.S.C. §12131 et seq., the Americans with Disabilities Act of 1990, Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and Title 8 of the New York City Administrative Code, §8-107, prohibit discrimination by police officers against those with hearing impairments.

45. Plaintiffs is hearing-impaired and qualified for protection under law from discriminatory mistreatment by law enforcement officers based on her disability and protected from harassment and guaranteed the right of reasonable accommodation under law. Nevertheless, Defendant has denied Plaintiff the protection of the law to which she was entitled, through the actions of police officers of which it was well aware, without any non-discriminatory basis therefor.

46. Defendant's actions were taken under circumstances giving rise to an inference of discrimination.

47. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiffs suffered adverse consequences. Plaintiff was caused to endure severe extreme humiliation, emotional pain and trauma, all to her detriment

## COUNT III
### (False Arrest)

48. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "47" as if set forth more fully and at length herein.

49. Plaintiff was not guilty of any crime that could subject her to arrest, and Defendant had no reasonable basis to conclude any such crime had been committed by Plaintiff.

50. Nonetheless, Defendant caused Plaintiff to be arrested and held against her will for an extended period.

51. No charges were ever filed against Plaintiff in Court, much less was any

conviction ever obtained at trial.

52. As the direct and immediate result of the foregoing conduct, Plaintiff has been caused to suffer loss of income and reputation, and extreme and grievous physical, emotional and psychological trauma, all to his detriment.

53. The City of New York is liable for the actions of its police officers under theories of agency and *respondeat superior*.

## COUNT IV
### (Assault and Battery)

54. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "53" as if set forth more fully and at length herein.

55. As described above, Defendant physically invaded Plaintiff's personal space and menaced and threatened Plaintiff with words and gestures the intent of which was to arouse apprehension of harmful or offensive bodily contact, all for the purpose of causing Plaintiff to suffer emotional distress and to terrorize her. In fact, Plaintiff was placed in immediate fear of life and limb as a result of this conduct and suffered extreme emotional trauma as a result.

56. Accordingly, Defendant intentionally placed Plaintiff in apprehension of an imminent, offensive and/or harmful touching.

57. Defendant's threats were independent of any physical contact.

58. As described above, Defendants subjected Plaintiff to unwanted physical touching.

59. As a direct and immediate result of this touching, Plaintiff was caused to suffer serious bodily trauma and became emotionally upset, all to her detriment.

60. Defendants' acts were committed with a conscious and deliberate disregard of the interest of others such that their conduct may be called willful or wanton.

61. The City of New York is liable for the actions of its police officers under theories of agency and *respondeat superior*.

## COUNT V
### (Intentional Infliction of Emotional Distress)

62. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "61" as if set forth more fully and at length herein.

63. The acts herein complained of constitute extreme and outrageous conduct undertaken with an intent to cause, or with a reckless disregard of the substantial probability of causing, severe emotional distress to Plaintiff, and these acts did in fact cause severe emotional distress to Plaintiff.

64. Specifically, Defendant's employees and agents, during the course of their duties, embarked upon course of conduct including violent physical attack and gross abuse of police authority designed to cause emotional and psychological stress to Plaintiff for no other purpose than to inflict such suffering.

65. Defendants' actions, being taken in the context of the official authority of the police and being directed against a helpless victim already suffering from chronic depression, were so outrageous as to exceed the bounds tolerated by society.

66. The City of New York is liable for the actions of its police officers under theories of agency and *respondeat superior*.

## COUNT VI
### (Negligent Hiring and Supervision of Employees)

67. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "66" as if set forth more fully and at length herein.

68. The City of New York knew or should have known that the police officers who

dealt with Plaintiff as described herein had the propensity to expose persons like Plaintiff to the harms described herein, yet the City of New York still retained these officers and thereby enabled them to take such actions

69. Moreover, the City of New York could have prevented the injuries sustained by Plaintiff if it had not negligently failed to supervise and train the police officers who dealt with Plaintiff so as to prevent their harmful and injurious behavior.

### COUNT VI
### (Injunction)

70. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "69" as if set forth more fully and at length herein

71. Money damages are insufficient to fully address the claims set forth herein, and irreparable injury will result unless Plaintiff is granted a permanent injunction requiring the New York City Police Department to provide sign-language interpreters to hearing-impaired persons who are arrested and incarcerated.

WHEREFORE, Plaintiffs demand judgment as follows:

i. On the First Cause of Action a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre and post-judgment interest, in an amount to be determined at trial in excess of the jurisdictional limits of the Court, and further relief as this Honorable Court deems just, equitable and proper;

ii. On the Second Cause of Action a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre and post-judgment interest, in an amount

        to be determined at trial in excess of the jurisdictional limits of the Court, and further relief as this Honorable Court deems just, equitable and proper;

iii. On the Third Cause of Action a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre and post-judgment interest, in an amount to be determined at trial in excess of the jurisdictional limits of the Court, and further relief as this Honorable Court deems just, equitable and proper;

iv. On the Fourth Cause of Action a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre and post-judgment interest, in an amount to be determined at trial in excess of the jurisdictional limits of the Court, and further relief as this Honorable Court deems just, equitable and proper.

v. On the Fifth Cause of Action a judgment against Defendant and an award of compensatory damages for emotional distress, punitive and/or exemplary damages, attorneys' fees and costs, pre and post-judgment interest, in an amount to be determined at trial in excess of the jurisdictional limits of the Court, and further relief as this Honorable Court deems just, equitable and proper.

vi. On the Sixth Cause of Action a judgment against Defendant and a permanent injunction requiring the New York City Police Department to provide sign-language interpreters to all hearing-impaired persons upon arrest and incarceration, and further relief as this Honorable Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:      September 6, 2012
            New York, New York

                                    Respectfully submitted,

                                    SIMON, EISENBERG & BAUM, LLP

                                    By:_____
                                        Eric M. Baum, Esq. (EB-5Y13)
                                        (A Member of the Firm)
                                        Attorneys for Plaintiff
                                        Office and P.O. Address
                                        24 Union Square East, Fifth Floor
                                        New York, NY  10003
                                        (212) 353-8700