Index No. 12 CV 6805 (VEC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA WILLIAMS,

                              Plaintiff,

-against-

THE CITY OF NEW YORK,

                              Defendant.

**CORRECTED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OF CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO RULE 12(C), F.R.C.P.**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark D. Zuckerman*
*Tel: (212) 356-3519*
*Matter No. 2012-038938*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTS AND CLAIMS AS SET FORTH IN PLAINTIFF'S AMENDED COMPLAINT ........... 1

LEGAL STANDARD UPON DEFENDANT'S MOTION ....................................................... 2

ARGUMENT

    POINT I

        PLAINTIFF LACKS STANDING TO SEEK
        INJUNCTIVE RELIEF ............................................................................. 4

CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**   **Pages**

Ashcroft v. Iqbal,
 129 S. Ct. 1937 (2008) ............................................................................................... 2, 3

Bell Atlantic Corp. v. Twombly,
 550 U.S. 544 (2007) .................................................................................................... 2, 3

Camarillo v. Carrols Corp.,
 518 F.3d 153 (2d Cir. 2008) ........................................................................................... 4

City of Los Angeles v. Lyons,
 461 U.S. 95 (1983) ...................................................................................................... 4, 5

Curry v. City of New York,
 No. 10-CV-5847 (SLT)(LB),
 2010 U.S. Dist. LEXIS 135461 (E.D.N.Y. Dec. 22, 2010) ....................................... 4-5

Harty v. Simon Property Group, L.P.,
 428 Fed. Appx. 69 (2d Cir. 2011) ................................................................................... 4

Iqbal v. Hasty,
 490 F.3d 143 (2d Cir. 2007) ........................................................................................... 3

Irish Lesbian & Gay Org. v. Giuliani,
 143 F.3d 638 (2d Cir. 1998) ........................................................................................... 2

Lujan v. Defenders of Wildlife,
 504 U.S. 555 (1992) ....................................................................................................... 4

MacIsaac v. Town of Poughkeepsie,
 770 F. Supp. 2d 587 (S.D.N.Y. 2011) ........................................................................... 5

O'Shea v. Littleton,
 414 U.S. 488 (1974) .................................................................................................... 4, 5

Shain v. Ellison,
 356 F.3d 211 (2d Cir. 2004) ........................................................................................... 5

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. §1983 | 1 |
| Fed. R. Civ. Proc. 12(b)(6) | 2 |
| Fed. Rule Civ. Proc. 8(a)(2) | 3 |
| Fed. R. Civ. Proc. 12(c) | 1, 2 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DIANA WILLIAMS,

            Plaintiff,

  -against-

THE CITY OF NEW YORK,

            Defendant.

------------------------------------------------------------------------ x

**CORRECTED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OF CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO RULE 12(C), F.R.C.P.**

12 CV 6805 (VEC)

**PRELIMINARY STATEMENT**

Defendant City of New York (the "City") hereby respectfully submits its corrected Memorandum of Law in Support of its motion for dismissal of plaintiff's claim for injunctive relief (Count VII of her Amended Complaint) pursuant to Rule 12(c), Federal Rules of Civil Procedure.[1] As plaintiff's amended complaint refers solely to her arrest and detention of September 11, 2011, and does not allege future harm, plaintiff lacks standing to seek injunctive relief. As such, plaintiff's claim for injunctive relief should be dismissed with prejudice.

**FACTS AND CLAIMS AS SET FORTH IN PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's lawsuit is brought principally pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act. (the "ADA") (Amended Complaint ¶¶ 31 and 39) Plaintiff resides in Frederick County, Maryland. (Amended Complaint ¶ 2) Plaintiff is deaf. (Amended Complaint ¶ 10) Plaintiff alleges that on September 11, 2011, she was wrongfully arrested by NYPD officers on the premises of a residential building that she owned with her husband in

---

[1] The instant corrected Memorandum of Law is submitted to reflect that the operative pleading in this matter is plaintiff's amended complaint, not her original complaint. As the amended complaint only refers to the one past incident, the legal analysis has not changed in any respect from defendant's original Memorandum of Law.

Staten Island, after the police were called in connection with a dispute that she was having with her tenants. (Amended Complaint ¶¶ 7-10) Upon her arrest, plaintiff alleges that she was then transported to an NYPD police station and placed in a cell. (Amended Complaint ¶ 11) Plaintiff alleges that her requests for an American Sign Language Interpreter were denied throughout her subsequent detention, (Amended Complaint, e.g. ¶¶ 11-13), although an American Sign Language Interpreter was provided while she was treated at a hospital while detained. (Amended Complaint ¶ 15) Plaintiff was ultimately released from custody without charges being brought. (Amended Complaint ¶ 21) Defendant City denies the aforesaid allegations other than plaintiff's arrest. (Answer to Amended Complaint)

As seen, plaintiff principally alleges false arrest (Count III) and violations of the Americans with Disabilities Act. (Count II) Plaintiff's prayer for relief includes a claim for injunctive relief. (Count VII) However, plaintiff's amended complaint is based entirely on the one past incident, the aforesaid events of September 11, 2011. Plaintiff makes no allegation of the likelihood of future harm in her amended complaint and sets forth no facts in support thereof.

### LEGAL STANDARD UPON DEFENDANT'S MOTION

"[T]he test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)." Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (quoting Twombly, 550 U.S. 544 at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.(quoting Twombly, 550 U.S. 544 at 557).

Two working principles determine whether a complaint may survive a motion to dismiss. Ashcroft, 129 S. Ct. 1937 at 1949. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. (citing Twombly, 550 U.S. 544 at 555)("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft, 129 S. Ct. 1937 at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id.(citing Twombly, 550 U.S. 544 at 556). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.(citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)) "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]"--"that the pleader is entitled to relief.'" Id. (citing Fed. Rule Civ. Proc. 8(a)(2)).

# ARGUMENT

## POINT I

### PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

"To establish standing, a plaintiff must demonstrate: 1) an 'injury in fact' that is 'concrete and particularized' and 'actual and imminent, not conjectural or hypothetical'; 2) 'a causal connection between the injury and the conduct complained of'; and 3) redressability of the injury by favorable decision." Harty v. Simon Property Group, L.P., 428 Fed. Appx. 69, 71 (2d Cir. 2011) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Id.(citing City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). "Therefore, to establish standing in an ADA suit seeking injunctive relief based on lack of access to a public accommodation, we have held that a plaintiff must 1) 'allege past injury under the ADA'; 2) show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and 3) show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of the [public accommodation] to her home, that she intends to return to the [public accommodation] in the future.'" Id. (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)).

In other words, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). "In other words, [a plaintiff] asserting an injunction . . . must allege the probability of a future encounter with the defendant which is likely to lead to a similar violation of some protected right." Curry v. City of New York, No. 10-CV-5847 (SLT)(LB), 2010 U.S. Dist. LEXIS 135461, at *8 (E.D.N.Y. Dec.

22, 2010) (internal citation omitted). "The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004)(quoting O'Shea, 414 U.S. at 494).

The seminal case in this regard, City of Los Angeles v. Lyons, 461 U.S. 95 (1983), is instructive to the fact alleged by plaintiff here. In that case, the plaintiff alleged that he feared again being subjected to an illegal chokehold, and given the extensive use of chokeholds by the Los Angeles police, that he should be afforded standing to seek injunctive relief. However, the United States Supreme Court held that the risk that plaintiff himself would come into contact with the police and suffer a subsequent unlawful chokehold was speculative in nature and insufficient to confer equitable standing. Id., at 109; see also MacIsaac v. Town of Poughkeepsie, 770 F. Supp. 2d 587, 601 (S.D.N.Y. 2011) (plaintiff's claim that he would be stopped, arrested and subjected to a taser gun again was speculative, and injunctive relief therefore denied).

Here, plaintiff's amended complaint alleges only one past arrest, an incident that has indisputably concluded. Plaintiff's amended complaint is completely devoid of any allegation of any future interactions with the NYPD, much less that she will be arrested again and subjected to the violations that she alleges in this case. In fact, she lives in Frederick County, Maryland, and not New York. Plaintiff does not even allege any facts in her amended complaint of future harm. As such, she clearly does not have standing to seek injunctive relief herein and her claim for injunctive relief should be dismissed for this reason alone.

## CONCLUSION

For the foregoing reasons, defendant's motion should be granted and plaintiff's claim for injunctive relief as set forth in her amended complaint at Count VII dismissed with prejudice.

Dated:    New York, New York
            May 29, 2014

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendant City
100 Church Street, Room 3-133b
New York, New York 10007
(212) 356-3519

By:     /s/
      MARK D. ZUCKERMAN
      Senior Counsel