Index No. 12 CV 6805 (VEC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA WILLIAMS,

                                               Plaintiff,

-against-

THE CITY OF NEW YORK,

                                               Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OF CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO RULE 12(c), F.R.C.P.**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark Zuckerman*
*Tel: (212) 356-3519*
*Matter #: 2012-038983*

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUHTORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | |
|     POINT I | |
|         PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF | 1 |
|     POINT II | |
|         PLAINTIFF'S PROPOSED AMENDMENTS SHOULD BE DENIED | 3 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Pages**

Camarillo v. Carrols Corp.,
   518 F.3d 153 (2d Cir. 2008) ................................................................................................ 2

City of Los Angeles v. Lyons,
   461 U.S. 95 (1983) ................................................................................................................ 2

Harty v. Simon Property Group, L.P.,
   428 Fed. Appx. 69 (2d Cir. 2011) ......................................................................................... 2

Lucente v. Int'l Bus. Machines Corp.,
   310 F.3d 243 (2d Cir. 2002) ................................................................................................ 3

O'Shea v. Littleton,
   414 U.S. 488 (1974) .............................................................................................................. 3

PI, Inc. v. Quality Products, Petroleum, Ltd.,
   760 F.2d 442, 446 (1995) ..................................................................................................... 3

Shain v. Ellison,
   356 F.3d 211 (2d Cir. 2004) ................................................................................................ 3

Smith v. Planas,
   151 F.R.D. 547 (S.D.N.Y. 1993) ......................................................................................... 3

St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler,
   745 F. Supp. 2d 303 (S.D.N.Y. 2010) ................................................................................. 3

Zito v. Leasecomm Corp.,
   02 Civ. 8074 (GEL), 2004 U.S. Dist. LEXIS 19778 (S.D.N.Y. Sept. 30, 2004) ...................... 3

**Statutes**

Fed. R. Civ. P. Rule 12 ................................................................................................................ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DIANA WILLIAMS,

                                              Plaintiff,

                  -against-

THE CITY OF NEW YORK,

                                            Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISMISSAL OF CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO RULE 12(c), F.R.C.P.**

12 CV 6805 (VEC)

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

Defendant City of New York (the "City") hereby respectfully submits its Reply Memorandum of Law in Support of its motion for dismissal of plaintiff's claim for injunctive relief (Count VII of her Amended Complaint) pursuant to Rule 12(c), Federal Rules of Civil Procedure. For the reasons set forth in defendant's moving papers, as well herein, defendant's motion should be granted in its entirety. Simply, plaintiff's amended complaint complains of one past incident and interaction with the NYPD, and does not reference in any way alleged future harm. As plaintiff's belated and desperate attempt to allege possible future harm in her responsive Memorandum of Law amounts to no more than "conjecture," such attempt should not defeat defendant's motion.

## ARGUMENT

### POINT I

#### PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF

In defendant's opening brief, defendant argued that a "plaintiff seeking injunctive relief cannot rely on one past injury to satisfy the injury requirement [to confer standing] but

must show a likelihood of future harm." Harty v. Simon Property Group, L.P., 428 Fed. Appx. 69, 71 (2d Cir. 2011) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). Plaintiff does not dispute this black letter law principle. Plaintiff does, however, misstate the law regarding the standing requirement that is specific to claims for injunctive relief brought under the Americans with Disabilities Act in this Circuit. Although plaintiff cites Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) for the purported principle that she must "show it is reasonable to infer that the plaintiff plausibly intends to return to the place of discrimination," this statement of the law is imprecise. The cited portion of Camarillo, as well as the case cited by defendant in its opening brief, Harty, supra, which quotes Camarillo, both require that plaintiff "show that 'it is also reasonable to infer, based on the past frequency of her visits and the proximity of the [public accommodation] to her home, that she intends to return to the [public accommodation] in the future.'" Harty, 428 Fed. Appx. 69 at 71. Plaintiff's Amended Complaint, as well as the amendments thereto that plaintiff propose, clearly fail to meet this requirement.

As outlined in defendant's moving Memorandum of Law, plaintiff's Amended Complaint sets forth just one past incident and interaction with the NYPD, namely plaintiff's arrest and detention of September 11-12, 2011 that took place in Staten Island. Nothing is set forth in the Amended Complaint about any future harm, much less the identification of any other past interactions with the NYPD as required to confer standing. Rather, plaintiff resorts to mere "conjecture," namely that despite living in Maryland, she has family in the Bronx, continues to own rental property on Staten Island and intends to return to New York to visit at some indeterminate time in the future. She claims that she *could have an emergency, or could be stopped for a traffic violation or could have some other unknown interaction with the NYPD*

*where her rights could be violated.* This is insufficient to confer standing. Plaintiff does not dispute the black letter law cited by defendant in its opening brief, that "[t]he injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" <u>Shain v. Ellison</u>, 356 F.3d 211, 215 (2d Cir. 2004)(quoting <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)). Plaintiff's belated attempt to show future harm is exactly the "conjectural or "hypothetical" purported future injury that the foregoing established caselaw warns against. There is no "real" and "immediate" future harm that plaintiff has alleged. As such, defendant's motion should be granted and plaintiff's claims for injunctive relief dismissed for this reason alone.

## POINT II

### PLAINTIFF'S PROPOSED AMENDMENTS SHOULD BE DENIED

Although "leave to amend should be freely given when justice so requires, the Court has broad discretion in deciding whether or not to grant such a request." <u>St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler</u>, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010). Prejudice to the opposing party and whether the proposed amendment would be futile are factors the Court should consider in using its discretion. <u>Id</u>. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss." <u>Lucente v. Int'l Bus. Machines Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002). Many courts in this District also require "a complete copy of the proposed amended complaint [to] accompany the motion so that both the Court and opposing parties can understand the exact changes sought." <u>E.g</u>. <u>Zito v. Leasecomm Corp</u>., 02 Civ. 8074 (GEL), 2004 U.S. Dist. LEXIS 19778, at *79-80 (S.D.N.Y. Sept. 30, 2004)(quoting <u>Smith v. Planas</u>, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)).

Undue prejudice has been found and leave to amend denied "when it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims." <u>PI, Inc. v.</u>

3

Quality Products, Petroleum, Ltd., 760 F.2d 442 , 446 (1995). Defendant respectfully submits that plaintiff's proposed amendments are merely designed to defeat defendant's clearly meritorious motion that was made nearly two years after the filing of plaintiff's original complaint and after plaintiff sought and was granted leave to file an amended complaint on a previous occasion in this case. As such, undue prejudice should bar plaintiff's proposed amendments. Defendant would also point out that there would be further prejudice to defendant in that plaintiff has already been deposed on the original claims at great expense in this case, as two certified sign language interpreters were required to interpret, in addition to the cost of the court reporter, all at great cost. As such, any continued deposition would cost the defendant additional interpretation and court reporter fees in the thousands of dollars. Undue prejudice to defendant is thus clearly a reason in and of itself to deny plaintiff's proposed amendments.

Most importantly, however, even though plaintiff improperly failed to submit a proposed amended pleading with her opposition brief, and which should be grounds for denying the proposed amendments by itself, the proposed amendments set forth in her opposition Memorandum of Law would be futile in any event. As seen, plaintiff has resorted to mere "conjecture" to show future harm, namely that despite living in Maryland, she has family in the Bronx, continues to own rental property on Staten Island and intends to return to New York to visit at some indeterminate time in the future. Her claims that she *could have an emergency, or could be stopped for a traffic violation or could have some other unknown interaction with the NYPD where her rights could be violated* are improperly "hypothetical" and "conjecture." Thus, any amendments as outlined in plaintiff's opposition brief would be futile as such amendments clearly could not withstand a motion to dismiss.

# CONCLUSION

For the foregoing reasons, as well as the reasons set forth in defendant's moving papers, defendant's motion for partial judgment on the pleadings should be granted and plaintiff's claim for injunctive relief as set forth in her amended complaint at Count VII dismissed with prejudice.

Dated:     New York, New York
           June 17, 2014

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for Defendant City
                                      100 Church Street, Room 3-133b
                                      New York, New York 10007
                                      (212) 356-3519

By:     _____/s/_____
        MARK D. ZUCKERMAN
        Senior Counsel