```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DIANA WILLIAMS,

                                 Plaintiff,        12-CV-6805 (VEC)

            -against-               **OPINION AND ORDER**

CITY OF NEW YORK,

                                Defendant.
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiff Diana Williams, who is profoundly deaf and communicates primarily through sign language, seeks a permanent injunction pursuant to the Americans with Disabilities Act ("ADA") requiring the New York City Police Department ("NYPD") to adopt policies and procedures to provide accommodations to hearing-impaired persons upon arrest and incarceration.[1]

      Defendant has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) arguing that Plaintiff lacks standing because the complaint does not allege a likelihood of future harm. In opposition, Plaintiff seeks leave to amend the complaint to plead additional facts to bolster her standing. The Court has evaluated Defendant's motion and the additional facts Plaintiff seeks to allege in a Second Amended Complaint. Because the likelihood of future harm would be entirely conjectural even if Plaintiff were granted leave to amend at this late juncture,[2]

---

[1]     The Complaint also alleges: a claim pursuant to 28 U.S.C. § 1983; that she was discriminated against on the basis of her disability in violation of federal, state and city law; that her arrest on September 11, 2011, lacked probable cause; and various other torts. Those claims are not at issue in the pending motion.

[2]     This action commenced on September 7, 2012. With leave of Court, Plaintiff filed her First Amended Complaint on February 4, 2014. Significant discovery has taken place, including Plaintiff's deposition. Although

Plaintiff's request to file a Second Amended Complaint is DENIED, and Defendant's Motion for a judgment on the pleadings as to Count VII of Plaintiff's First Amended Complaint is GRANTED.

## BACKGROUND

On September 11, 2011, NYPD officers responded to a call from a residential building owned by Plaintiff and her husband in Staten Island where a tenant was moving out due to non-payment of rent.  Compl. ¶¶ 7-9.  Plaintiff attempted to communicate with a police officer but was unable to do so effectively without the assistance of an interpreter.  Compl. ¶ 10.  For reasons that are unclear, Plaintiff was arrested.  At the police station, despite repeated requests, she was not provided an interpreter to communicate the charges against her or to explain her rights.  Compl. ¶¶ 10-12.  She was confined to a cell and began to experience panic attacks; she was then taken to a hospital, which did have a sign language interpreter on staff.  Compl. ¶¶ 14-15.  The hospital interpreter allegedly conveyed Plaintiff's request to the police officers that she be provided an interpreter to explain the nature of the charges and the duration of her detention.  Compl. ¶ 15.  When her panic attacks subsided, Plaintiff was returned to the police station – still without the assistance of a sign language interpreter – only to be returned to the hospital when her panic attacks resumed.  Compl. ¶¶ 16-17.  This time, no interpreter was provided by the hospital; the hospital allegedly drew blood without her informed consent and injected her with a sedative.  Compl. ¶ 17.  After spending a night at the precinct, Plaintiff was released the next day; all charges were dropped.  Compl. ¶ 21.  This action followed.

---

Plaintiff argues that Defendant had a full and fair opportunity to depose her, Defendant suggests that the proposed amendment would require an additional deposition of the Plaintiff at considerable expense to the Defendant.

## DISCUSSION

Defendant asserts that Plaintiff lacks standing to pursue injunctive relief.  Because Plaintiff has failed to demonstrate a likelihood of future harm from the NYPD's failure to provide sign language interpreters to arrested or incarcerated hearing-impaired persons, the Court concludes that she lacks standing.

Article III of the Constitution limits the jurisdiction of federal courts to the resolution of "cases" and "controversies."  U.S. Const. art. III, § 1.  The jurisdictional limitation on who has standing to seek injunctive relief is independent from the merits of the Plaintiff's claim that her constitutional rights were violated.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-90 (1998) (contrasting standing, as an issue implicating a federal court's subject matter jurisdiction, with the failure to state a cognizable claim, which is not a jurisdictional defect).  If a plaintiff lacks standing to seek particular relief, a federal court lacks subject matter jurisdiction to entertain the request.  *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004).

"An objection to standing is properly made on a Rule 12(b)(1) motion."  *Tasini v. New York Times, Co., Inc.*, 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002).  After the close of pleadings, however, a party raising a Rule 12(b) non-waivable defense may do so by bringing a Rule 12(c) motion for judgment on the pleadings.  *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).  The standard for granting a Rule 12(c) motion is identical to that of the analogous Rule 12(b) motion.  *Id.*  In the face of a Rule 12(b)(1) motion, "[t]he burden is on the plaintiff asserting jurisdiction to prove by a preponderance of the evidence that jurisdiction is proper."  *Tasini*, 184 F. Supp. 2d at 353.  When a court assesses a lack-of-standing argument on the basis of the pleadings, it must accept as true the factual allegations in the complaint.  *WC Capital Mgmt., LLC v. UBS Sec., LLC*, 711 F.3d 322, 329 (2d Cir. 2013).

In order to establish standing, a plaintiff must prove: (1) injury-in-fact, or a concrete and particularized harm to a legally protected interest; (2) causation, or a fairly traceable connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury will be redressed by a favorable decision.  *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche, LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  "The third prong of the test – redressability – has been interpreted to mean that a plaintiff's standing depends on the form of relief requested."  *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 593 (S.D.N.Y. 2011) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought.")).  Thus, a federal court may have subject matter jurisdiction over a claim for damages yet lack jurisdiction over a claim for prospective equitable relief arising out of the same injury.  *See Lyons*, 461 U.S. at 109 (recognizing that the plaintiff had a "live controversy" for damages "that me[t] all Article III requirements" but lacked standing to seek an injunction because whether he would "again experience injury as the result of [the challenged] practice even if it continued" was too speculative); *Shain*, 356 F.3d at 215 ("While past injury supplied a predicate for compensatory damages, it did not . . . supply one for equitable relief since the fact that such practices had been used in the past did not translate into a real and immediate threat of injury to [the plaintiff]." (interpreting *Lyons*, 561 U.S. at 105-06)).

"In order to meet the constitutional minimum of standing to seek injunctive relief, [a plaintiff] must carry the burden of establishing that '[s]he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.' "  *Shain*, 356 F.3d at 215 (quoting *Lyons*, 461 U.S. at 101-02)).  "In doing this, [s]he cannot rely on past

4

injury to satisfy the injury requirement but must show a likelihood that [s]he will be injured in the future. Finally, an abstract injury is not enough; rather, the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id.* (internal citations and quotations omitted).

The vast majority of cases in which injunctive relief is sought under the ADA arise under Title III, which addresses public accommodations.[3] State and local governments are governed by Title II, which broadly requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. The parties have not pointed this Court to any precedent holding that the standard for determining standing is different between the two Titles, and the court has found none.

Under established Second Circuit precedent, a plaintiff adequately pleads a "real and immediate threat of repeated injury" where (1) the plaintiff alleges past injury under the ADA; (2) it is reasonable to infer that the discriminatory treatment will continue; and (3) it is reasonable to infer that plaintiff intends to return to the subject location. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2295 (2014)) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (*per curiam*); *Shain*, 356 F.3d at 215).[4] It is on the third prong that Plaintiff's claim fails. Despite the broad language and

---

[3] A "place of public accommodation" is a "facility operated by a private entity whose operations affect commerce." 28 C.F.R. § 36.104.

[4] *Kreisler*, and the two cases it cites in support of its standard for injunctive relief under the ADA, involved a reasonable accommodation challenge under Title III, 42 U.S.C. § 12181 *et seq. See Kreisler*, 731 F.3d at 1887-88 (citing *Camarillo*, 518 F.3d at 158 (interpreting Title III of the ADA); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002) (same)). The Second Circuit did not limit the standard to claims under Title III and quotes its earlier decision in *Shain* – a non-ADA case involving a challenge to a jail's strip search policy – for the requirement that "[p]laintiffs seeking injunctive relief must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.'" *Id.* at 187 (quoting *Shain*, 356 F.3d at 215)).

remedial purposes of the ADA, Plaintiff's intent to return to New York City fails to create an adequate factual basis for standing to seek the injunctive relief she requests.

*City of Los Angeles v. Lyons* "occupies much of th[e] territory" related a citizen's standing to seek an injunction against police practices surrounding arrests. *Shain*, 356 F.3d at 215 (citing *Lyons*, 461 U.S. at 105-06). In *Lyons*, the Supreme Court held that the plaintiff, who was placed in a chokehold during a minor traffic stop, lacked standing to seek prospective injunctive relief barring Los Angeles police officers from using chokeholds, even though his past injury supplied a predicate for compensatory damages. 461 U.S. at 105-06. *Lyons* ultimately concluded that the plaintiff lacked standing because there was insufficient "likelihood that he will again be wronged in a similar way." *Id.* at 111. Relying on this language, the Second Circuit in *Shain* held that a plaintiff lacked standing to seek permanent injunctive relief barring a blanket strip search policy for all misdemeanor arrestees when he had himself been subject to the policy after a misdemeanor arrest and overnight detention. 356 F.3d at 213-14.[5] According to the Second Circuit, to establish standing under *Lyons*, the plaintiff would have had to show that "*if* he is arrested in Nassau County and *if* the arrest is for a misdemeanor and *if* he is not released on bail and *if* he is remanded to NCCC and *if* there is no particularized reasonable suspicion that he is concealing contraband, he will again be strip searched." *Id.* at 216. "Such an accumulation of inferences," the Second Circuit held, "is simply too speculative and conjectural to supply a predicate for prospective injunctive relief." *Id*. The court maintained that even when challenging an official government policy – as opposed to a discretionary one as in *Lyons* – "a

---

[5]     Plaintiff argues that *Shain* is distinguishable because the prospective relief at issue was a permanent injunction following a determination that the policy at issue was unconstitutional. Pl. Mem. Law Opp. at 11-12. Because standing is a jurisdictional issue that must be evaluated at all stages of proceedings, that distinction is not material.

plaintiff seeking injunctive relief must demonstrate *both* a likelihood of future harm *and* the existence of an official policy or its equivalent." *Id*.

Plaintiff distinguishes *Lyons* and *Shain* by arguing that the need of hearing-impaired persons to communicate with police officers extends to peaceful or protective reasons and is not limited to the arrest context. Pl. Mem. Law Opp. at 7, 10. That is, of course, true, but it does not alter the standing analysis. The relief Plaintiff requested in Count VII of her complaint is a "permanent injunction requiring the New York City Police Department to provide sign-language interpreters to hearing-impaired persons *who are arrested or incarcerated*." Compl. ¶ 72 (emphasis added). Thus, the fact that she might have occasion to seek assistance from the NYPD outside of the arrest context does not relate to the relief she is seeking. But even if she had sought a much broader injunction – requiring the NYPD to have sign language interpreters on call 24 hours a day to respond any time any police officer needs to interact with a hearing-impaired person for any purpose – her proposed factual assertions would still not establish standing.[6] So far as the First Amended Complaint and the facts asserted in her opposition to the motion for judgment on the pleadings reveal, Plaintiff has had exactly one encounter with the NYPD: the encounter that led to her arrest and this lawsuit. The mere fact that Plaintiff owns property in New York and intends to visit from her home in Maryland does not mean that she will necessarily or even likely have any contact with the police in the future – whether under pleasant or unpleasant circumstances.

The conclusion that Plaintiff lacks standing is even more apparent when we consider the request for injunctive relief in the Complaint, which relates entirely to the provision of sign

---

[6] Plaintiff proffers facts that make it reasonable to believe that she will return to New York City. When she is in New York City, she asserts that she may have a "peaceful or an emergency encounter with the police" that will require reasonable accommodation for her disability. Pl. Mem. Law Opp. at 10.

7

language interpreters for individuals under arrest or in detention. As to that, Plaintiff alleges only one past arrest and that arrest occurred almost three years ago. She has alleged no contact with the NYPD since the filing of this suit, peaceful or otherwise. *Cf. Shain*, 356 F.3d at 215 (finding plaintiff failed to establish likelihood of a future encounter and arrest because he had no criminal record, had never before been arrested, and had not been rearrested or had any encounters with the police in the year between his arrest and the filing of the lawsuit). Although there is certainly some chance that the Plaintiff *might* find herself arrested again by police officers who do not offer her a sign language interpreter, that is the same speculative chance that the Supreme Court in *Lyons* and the Second Circuit in *Shain* found insufficient to confer standing. *See also MacIssac*, 770 F. Supp. 2d at 601 (finding no standing "given how speculative it is that MacIssac will be stopped, arrested, and subjected to the use of a Taser stun gun yet again"). To find that Plaintiff is likely to suffer future harm from the NYPD's failure to provide sign language interpreters upon arrest or incarceration would require conjecture and speculation, which is not permissible under established precedent. Therefore, this Court lacks subject matter jurisdiction over Count VII of Plaintiff's complaint.

**Request to Amend the Complaint**

As a general rule, a "court should freely give leave [to amend a Complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Notwithstanding the liberality of the general rule, [w]hether to allow amendment is a decision that rests in the discretion of the district court. . . . Thus, a court may deny permission to amend, in whole or in part, if there is a proper reason to do so." *Lincoln v. Potter*, 418 F. Supp. 2d 443, 454-55 (S.D.N.Y. 2006) (citations omitted) (internal quotation marks omitted). On the one hand, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted). On the other hand, acceptable reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This action has been pending for two years, and now, in the face of a motion for judgment on the pleadings as to her First Amended Complaint, Plaintiff is seeking leave to amend a second time in order to plead facts in support of standing. Plaintiff proposes to cure the jurisdictional defects by showing a likelihood of peaceful encounters with the NYPD, not just the likelihood of being arrested. For the reasons already noted, such an amendment would be futile because Plaintiff can only speculate about future encounters with the police even in a peaceable context. Under these circumstances, the Court declines to grant leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant City of New York's amended motion for judgment on the pleadings is GRANTED.  Plaintiff's request for leave to amend her complaint is DENIED.  The Clerk of Court is directed to terminate Docket Entries 23 and 25.

**SO ORDERED.**

**Date:  July 22, 2014**　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　**New York, NY**　　　　　　　　　　　　**United States District Judge**