UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DIANA WILLIAMS,

                                                                               Plaintiff,

                 -against-

THE CITY OF NEW YORK,

                                                                       Defendant.

**DEFENDANT'S GENERAL OBJECTIONS TO THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST**

12 CV 6805 (VEC)

------------------------------------------------------------------------ x

        In accordance with the Court's Memorandum Endorsed Order of March 6, 2015, at Docket 74, defendant City of New York hereby respectfully submits its General Objections to the United States of America's Statement of Interest, filed at Docket 69, herein. For the reasons set forth herein, defendant City of New York respectfully submits that the United States of America's (the "USA's") Statement of Interest should be accorded no deference on the underlying question of statutory construction of the Americans with Disabilities (the "ADA") and Rehabilitation Acts presented in the summary judgment briefing, as well as plaintiff's argument that municipal liability lies against the City in this case.

        The foregoing Statement of Interest of the USA, filed pursuant to 28 U.S.C. § 517, purports to address defendant's argument that the ADA and Rehabilitation Act either do not apply to "on the scene" street encounters of the type at issue in this case, or that "exigent circumstances" apply, and affect these statutes' applicability to the "on the scene" arrest encounter at issue in this case, as argued in defendant's moving and reply papers in support of its motion for partial summary judgment. However, the issue raised by defendant in its partial summary judgment papers, and principally addressed by the USA in its Statement of Interest, whether or not there is a covered "service, program or activity" in this case, is purely a question

of statutory construction.[1] The United States Supreme Court has stated that even where the USA files a brief, a "pure question of statutory construction…[is] well within the province of the Judiciary." Republic of Austria v. Altmann, 541 U.S. 677, 701 (2004) (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 446, 448 (1987)). The USA's views "merit no special deference." Id. In fact, the United States Supreme Court has stated that "a pure question of statutory construction [is] for the courts to decide." INS, supra, 480 U.S. at 446. Since the issue on which the USA has principally written in this case is "a pure question of statutory construction," under the foregoing authorities, the issue is one for the Court to decide without deference to the USA. The USA's statement that its interpretations "of the meaning and scope of Title II" through DOJ's regulations, should be afforded "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute," as set forth on page 5 of its Statement of Interest, is not correct as applied to the issue being litigated in this case.[2] None of the authority that it cites in any way supports the notion that that the foregoing issue presented in Williams is anything but a

---

[1] The USA has not cited any support for deference as to any argument it has made as to the potential municipal liability of defendant in favor of plaintiff in this case.

[2] The USA's citation to Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984), in support of its argument is erroneous because the USA has not even argued that there is a Congressional "gap" in the legislation for DOJ to fill in this instance, as was the Supreme Court's basis for the referenced citation. Id. at 843-844. Similarly, the USA's citation to Bragdan v. Abbott, 524 U.S. 624, 646 (1998), does not support the USA's argument that its views on the interpretation of the definition of a "service, program, or activity," under Powell v. Nat'l Board of Medical Examiners, 364 F.3d 79, 85 (2d Cir. 2004), are entitled to deference, as the case does not address such issue. The USA's citation to ABF Freight Sys., Inc. v. NLRB, 510 U.S. 317, 324 is similarly flawed, as the USA leaves out the United States Supreme Court's limitation that the DOJ's interpretation is to be accorded "controlling authority" only where there has been an "express delegation" by Congress, which the DOJ does not point to on the statutory construction issue being litigated in Wiliams. The USA's final United States Supreme Court citation on this point, Olmstead v. L.C. ex. Rel. Zimring, 527 U.S. 581 (1999), also does not support any deference argument on the issue that is being litigated in Williams, whether there is a covered "service, program, or activity."

"pure question of statutory construction,"[3] that is left to this Court to decide, and the USA has not pointed with any specificity to any of its regulations that are being construed in this instance or that even define what a covered "service, program or activity" is.[4]

Based on the foregoing, the opinions of the USA as set forth in its Statement of Interest should be accorded no deference.

Dated: New York, New York
March 17, 2015

        ZACHARY W. CARTER
        Corporation Counsel of the
         City of New York
        Attorney for Defendant City
        100 Church Street, Room 3-133b
         New York, New York 10007
        (212) 356--3519

By: _____/s/_____
    MARK D. ZUCKERMAN
    Senior Counsel

---

[3] The USA's attempt to give the impression that the issue of determining whether there exists a covered "service, program or activity" is something other than one of "pure statutory construction" is inconsistent, as even the USA at page 12 of its Statement of Interest turns to dictionaries for definitions of these terms.

[4] Nor does Civic Ass'n of the Deaf of New York City, Inc. v. Giuliani, 915 F. Supp. 622, 635 (S.D.N.Y. 1996), cited by the USA, support such an argument in this instance.