UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

DIANA WILLIAMS,                      :

                          Plaintiff,      :

         - against -                :         12 Civ. 6805 (VEC)

THE CITY OF NEW YORK,             :

                          Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA
# IN RESPONSE TO THE COURT'S ORDER OF APRIL 15, 2015

                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York
                         86 Chambers Street, Third Floor
                         New York, New York 10007
                         Tel.: (212) 637-2733
                         Fax: (212) 637-0033
                         Email: david.kennedy2@usdoj.gov

DAVID J. KENNEDY
Assistant United States Attorney
     - Of Counsel -

The United States, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this Statement of Interest, pursuant to 28 U.S.C. § 517,[1] and in response to the Court's Order of April 15, 2015, which raised the following issue:

> Given *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009), whether the remedial scheme of Title II of the ADA precludes an action under 42 U.S.C. § 1983 to vindicate a right secured by the ADA.

The United States appreciates the invitation of the Court to address the question.

The question of whether a particular federal statute precludes an action under § 1983 arises from the unique nature of that statute. Section 1983 "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.,* rights independently 'secured by the Constitution and laws' of the United States. '[O]ne cannot go into court and claim a "violation of § 1983" – for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617 (1979)); *see also Jones v. DeNotaris*, Civ. Act. No. 13-4500, 2015 WL 224383, at *5 (E.D. Pa. Jan. 16, 2015) (noting that § 1983 is not a substantive right unto itself, but "a vehicle for vindicating rights conferred elsewhere by federal law.").

Accordingly, "[w]hen the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981). The Supreme Court has described the test for discerning whether a § 1983 claim would be precluded as follows: "the existence of a more restrictive private remedy for statutory violations has been the dividing line between those cases in which we have held that an action

---

[1] 28 U.S.C. § 517 states that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

would lie under § 1983 and those in which we have held that it would not." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 121 (2005). Thus, in *Rancho Palos Verdes*, the Court held that the extensive statutory scheme created by the Telecommunications Act precluded a claim under § 1983. *See id.* at 127. "The critical question, then, is whether Congress meant the judicial remedy expressly authorized by [the statute] to coexist with an alternative remedy available in a § 1983 action." *Id.* at 120-21. In *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009), by contrast, the Supreme Court held that Title IX of the Civil Rights Act of 1964 did not preclude a § 1983 claim alleging unconstitutional gender discrimination, because "Title IX contains no express private remedy, much less a more restrictive one." *Id.* at 256. Accordingly, the Court permitted plaintiff's § 1983-based claim alleging a constitutional violation to proceed.

Title II of the ADA is a comprehensive statute that incorporates express specific remedies. Title II prohibits "all discrimination based on disability by public entities." *Regional Economic Cmty. Action Program ("RECAP") v. City of Middletown*, 294 F.3d 35, 45 (2d Cir. 2002). The enforcement provision of Title II is located at 42 U.S.C. § 12133. That statute states that:

> The remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

42 U.S.C. § 12133. The cross-referenced section, 29 U.S.C. § 794a, in turn provides that:

> The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

29 U.S.C. § 794a(a)(2). Accordingly, Title II of the ADA adopts, through an intermediate reference, the enforcement scheme of Title VI of the Civil Rights Act of 1964. *See Garcia v.*

*SUNY Health Sciences Center*, 280 F.3d 98, 111 (2d Cir. 2001) ("Title II simply incorporates the remedial scheme of the Rehabilitation Act of 1973, *see* 29 U.S.C. § 794a(a)(2) (incorporated into Title II by 42 U.S.C. § 12133), which in turn incorporates the remedial scheme of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*") (citing *Ferguson v. City of Phoenix,* 157 F.3d 668, 673 (9th Cir. 1998)).

Significantly, Title VI of the Civil Rights Act of 1964 is the basis for the remedial scheme for both Title II of the ADA as well as Title IX of the Civil Rights of 1964. Because the remedial scheme of Title II of the ADA draws from the same source as Title IX, the Supreme Court's conclusion in *Fitzgerald* that "Title IX contains no express private remedy, much less a more restrictive one," and thus a § 1983 remedy for a constitutional claim ought to proceed, *Fitzgerald*, 555 U.S. at 256, applies with equal force to an analysis of Title II of the ADA. Similarly, in *Henrietta D. v. Bloomberg*, 331 F.3d 261, 285 (2d Cir. 2003), the Second Circuit declined to hold that the remedial scheme of Title II of the ADA precluded a claim under *Ex Parte Young*, a close analogue to § 1983. *See id.* at 285 (citing *Barnes v. Gorman*, 536 U.S. 181, 189 & n.3 (2002)). The same result should apply here: the remedial scheme of Title II of the ADA does not preclude a § 1983 action to enforce constitutional claims, even where the constitutional claims involve allegations of unequal treatment on the basis of disability.

As applied to the allegations of the Complaint in this case, moreover, Title II of the ADA would not preclude the specific § 1983 claims raised by plaintiff. According to plaintiff's own statement of her claims: "Plaintiff's claims under 42 U.S.C. § 1983 allege violations of the Fourth and Fourteenth Amendments to the United States Constitution, on the grounds that she was subject to unreasonable search and seizure and deprived of liberty without due process of law. See Amended Complaint, Dkt. No. 14, Count I." (Pl. Br. at 22.) Title II of the ADA

prohibits the City from discriminating against individuals with disabilities, in this instance, as alleged by plaintiff, by failing to take appropriate steps to ensure effective communication during the circumstances of her arrest and detention. *See* 42 U.S.C. § 12132; 28 C.F.R. pt. 35. Title II does not protect unreasonable search and seizure or deprivation of liberty without due process of law. Thus, while both the Title II and constitutional claims are premised on the same facts, they afford distinct and equally viable avenues for relief.

We thank the Court for the opportunity to address the issue.

Dated:  New York, New York
        May 6, 2015

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States

                                    _/s/ David J. Kennedy_____
                            By:     DAVID J. KENNEDY
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Tel.: (212) 637-2733
                                    Fax: (212) 637-0033
                                    david.kennedy2@usdoj.gov