12-CV-6805 (VEC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA WILLIAMS,

               Plaintiff,

-against-

CITY OF NEW YORK,

               Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN ACCORDANCE WITH COURT'S ORDER OF APRIL 15, 2015**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark Zuckerman*
*Tel: (212) 356-3519*
*Matter No.: 2012-038983*

**TABLE OF CONTENTS**

                                    **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT

      POINT I

           TITLE II OF THE ADA DOES PRECLUDE PLAINTIFF'S 42 U.S.C. §1983 CLAIMS FOR MUNICIPAL LIABILITY .................................................................... 1

      POINT II

           THERE IS NO CLEAR PRECEDENT AS TO WHETHER THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW FALSE ARREST AND ASSAULT AND BATTERY CLAIMS ................................................... 5

CONCLUSION ................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Pages**

Bernadine v. City of New York,
   294 N.Y. 361 (1945) ............................................................................................................... 7, 9

Bloom v. Jewish Board of Guardians,
   286 N.Y. 349 (1941) ...................................................................................................................... 8

Brown v. Research Foundation of SUNY,
   08 Civ. 592 (TJM), 2009 U.S. Dist. LEXIS 45971 (N.D.N.Y. May 28, 2009) ......................... 4

Brown v. State of New York,
   89 N.Y.2d 172 (1996) ................................................................................................................ 6, 9

Camarillo v. Carrols Corp.,
   518 F.3d 153 (2d Cir. 2008) ........................................................................................................ 3

Cea v. Ulster County,
   309 F. Supp.2d 321 (N.D.N.Y. 2004) ................................................................................. 10, 11

Conklin v. Palisades Interstate Park Comm'n,
   282 A.D. 728 (2d Dep't 1953) .................................................................................................... 7

County of Nassau v. South Farmingdale Water District,
   62 A.D.2d 380 (2d Dep't 1978) .................................................................................................. 8

County of Oneida v. Oneida Indian Nation,
   470 U.S. 226 (1985) ........................................................................................................ 5, 9, 10

Daniels v. City of Syracuse,
   200 Misc. 415 (S. Ct. Onondaga Cty. 1951) ........................................................................... 8, 9

Fierro v. N.Y.C. Department of Educ.,
   994 F. Supp. 2d 581 (S.D.N.Y. 2014) ........................................................................................ 4

Fitzgerald v. Barnstable School Committee,
   555 U.S. 246 (2009) .................................................................................................................... 1

Great Northern Life Ins. Co. v. Read,
   322 U.S. 47 (1944) ...................................................................................................................... 7

Holmes v. County of Erie,
   266 A.D. 220 (4th Dep't 1943) .................................................................................................. 8

Jones v. State of New York,
   33 N.Y.2d 275 (1973) ............................................................................................................. 8-9

**Cases**                                                      **Pages**

Kinzer v. Jackson,
   316 F.3d 139 (2d Cir. 2003) .................................................................................................. 10

Koeppe v. City of Hudson,
   276 A.D. 443 (3rd Dep't 1950) ................................................................................................. 9

Lener v. Hempstead Public Schools,
   12 Civ. 3340 (JFB), 2014 U.S. Dist. LEXIS 133773 (E.D.N.Y. Sept. 23, 2014) ...................... 4

M.H. v. Mount Vernon City School District,
   13 Civ. 3596 (VB), 2014 U.S. Dist. LEXIS 32640 (S.D.N.Y. Mar. 3, 2014) ........................... 4

McCarthy v. City of Saratoga Springs,
   269 A.D. 469 (3rd Dep't 1951) ............................................................................................. 8, 9

McGibney v. Connetquot Central School District,
   14 Civ. 1591 (ADS), 2015 U.S. Dist. LEXIS 14580 (E.D.N.Y. Feb. 6, 2015) ......................... 4

Middlesex County Sewerage Authority v. National Sea Clammers Association,
   453 U.S. 1 (1981) ..................................................................................................................... 3

Pape v. Board of Education of the Wappingers Central School District,
   07 Civ. 8828 (KMK), 2009 U.S. Dist. LEXIS 91738 (S.D.N.Y. Sept. 28, 2009) .................... 4

Pennhurst State School and Hospital v. Halderman,
   465 U.S. 89 (1984) ................................................................................................................ 5, 6

PGA Tour v. Martin,
   532 U.S. 661 (2001) ................................................................................................................. 3

Powell v. National Board of Medical Examiners,
   364 F.3d 79 (2d Cir. 2004) ....................................................................................................... 4

R.C. v. County of Suffolk,
   882 F. Supp. 2d 323 (E.D.N.Y. 2012) ..................................................................................... 4

Rancho Palos Verde v. Abrams,
   544 U.S. 113 (2005) ................................................................................................................. 3

Singer v. Fulton County Sheriff,
   63 F.3d 110 (2d Cir. 1995) ..................................................................................................... 10

St. Martin v. Fiala,
   11 Civ. 649OT, 2011 U.S. Dist. LEXIS 147835 (W.D.N.Y. 2011) ....................................... 10

**Cases**                                                                                                         **Pages**

Trotman v. Palisades Interstate Park Commission,
   557 F.2d 35 (1977)......................................................................................................... 7, 9, 10

United Mine Workers of America v. Gibbs,
   383 U.S. 715 (1966).............................................................................................................. 12

Vippolis v. Village of Haverstraw,
   768 F.2d 40 (2d Cir. 1985)..................................................................................................... 2

**Statutes**

42 U.S.C. §1983................................................................................................ 1, 2, 3, 4, 7, 9, 10, 13

42 U.S.C. 12101, et. seq............................................................................................................ 3

N.Y. Court of Claims Act § 8 ............................................................................................... 5, 6

N.Y.S. Constitution, § 12............................................................................................................ 6

U.S. Const.Art. III, § 2............................................................................................................. 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DIANA WILLIAMS,

                              Plaintiff,

            -against-

CITY OF NEW YORK,

                              Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S MEMORANDUM OF LAW IN ACCORDANCE WITH COURT'S ORDER OF APRIL 15, 2015**

**12-CV-6805 (VEC)**

## PRELIMINARY STATEMENT

Defendant City of New York (the "City") hereby respectfully submits its Memorandum of Law in accordance with the Court's Order of April 15, 2015. For the reasons set forth herein, 1) plaintiff's municipal liability claims brought pursuant to 42 U.S.C. §1983 should be dismissed because they are precluded by the remedial scheme of Title II of the Americans with Disabilities Act; and 2) there is no clear precedent as to whether plaintiff's state law false arrest and assault and battery claims should be dismissed for lack of federal subject matter jurisdiction based on §8 of the New York Court of Claims Act.

## ARGUMENT

### POINT I

**TITLE II OF THE ADA DOES PRECLUDE PLAINTIFF'S 42 U.S.C. §1983 CLAIMS FOR MUNICIPAL LIABILITY**

In its Order of April 15, 2015, the Court has *sua sponte* raised the issue of whether Title II of the ADA precludes an action under 42 U.S.C. §1983 "to vindicate a right secured by the ADA" in light of the United States Supreme Court's decision in <u>Fitzgerald v.</u>

Barnstable School Committee, 555 U.S. 246 (2009). After consideration of the issue, defendant City respectfully submits that it does.

In Fitzgerald, the United States Supreme Court considered the issue of whether Title IX of the Education Amendments of 1972 precludes an action under 42 U.S.C. §1983. Although the Court concluded that it did not, the Supreme Court did set forth various criteria that are germane to an analysis of whether plaintiff's 42 U.S.C. §1983 claims for municipal liability are precluded by the ADA.

At the present time, plaintiff's pending 42 U.S.C. §1983 claims are limited to municipal liability, as plaintiff failed to name as a defendant any individual police officer who may have been allegedly liable for 42 U.S.C. §1983 claims such as false arrest and/or excessive force. Plaintiff's arguments in opposition to defendant's motion for summary judgment dismissal of her 42 U.S.C. §1983 municipal liability claims are set forth at pp. 22-25 of her Memorandum of Law in opposition to defendant's motion for partial summary judgment at Docket 65 herein. As it relates to the issue being briefed herein in response to the Court's *sua sponte* Order, one critical point is that the only underlying alleged violation giving rise to said 42 U.S.C. §1983 claims for municipal liability is that defendant allegedly committed a statutory violation of the ADA, namely the purported failure to provide a "reasonable accommodation" at the scene of plaintiff's arrest or thereafter in light of plaintiff's hearing impairment. See Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). So, the underlying alleged violation by defendant in plaintiff's 42 U.S.C. §1983 claims for municipal liability claim is exactly the same as her ADA claim, the purported failure by the defendant to provide a "reasonable accommodation" for plaintiff's hearing impairment, not some other independent constitutional right or violation.

In Fitzgerald, the United States Supreme Court stated "[i]n determining whether a subsequent statute precludes the enforcement of a federal right under §1983, we have placed primary emphasis on the nature and extent of that statute's remedial scheme." Id., 555 U.S. at 254 (citing Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20 (1981)) ("When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under §1983"). Factors that may be considered upon this analysis are whether such statute has an "unusually elaborate enforcement provision" and whether there is the opportunity for injunctive relief. Id. Other factors to be considered are whether a §1983 lawsuit would provide a plaintiff "tangible benefits" not available under the statute, and would allow a plaintiff to "circumvent" a statute's provisions "inconsistent with Congress' carefully tailored scheme." Id. "'The provision of an express, private means of redress in the statute itself' is a key consideration in determining congressional intent, and that the 'existence of a more restrictive private remedy for statutory violations has been the dividing line between those cases in which we have held that an action would lie under §1983 and those in which we have held that it would not.'" Id. (quoting Rancho Palos Verde v. Abrams, 544 U.S. 113, 121 (2005)).

In accordance with Fitzgerald, defendant respectfully submits that the ADA precludes plaintiff's §1983 municipal liability claims. First, it is clear that the ADA has "unusually elaborate" enforcement provisions, see 42 U.S.C. 12101, et. seq., and affords the opportunity for injunctive relief. See Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008). The United States Supreme Court has commented on the ADA's "comprehensive character." PGA Tour v. Martin, 532 U.S. 661, 675 (2001). Plaintiff's §1983 municipal liability claims, for which she has never provided any legal authority in support thereof other

than the most general and broad §1983 municipal liability authority, would add such municipal liability evidence, theories and terms such as "custom and practice," "policy and policymaker," "deliberate indifference," and purported "failure to train" to her claims relating to the ADA, to which they were not intended and which would be unprecedented.  In fact, the Second Circuit has set forth the applicable standards for a recovery of monetary relief under Title II of the ADA, see, e.g., Powell v. Nat'l Board of Medical Examiners, 364 F.3d 79, 85 (2d Cir. 2004), and plaintiff is attempting to recover thereunder as well.  Simply, there is no indication that Congress in passing the ADA contemplated mixing its principles with the principles of §1983 municipal liability, nor has any judicial case that defendant is aware of.

Consistent with the above, numerous other district courts in this Circuit post-Fitzgerald have found that the ADA precludes an action for the same rights under §1983, though said courts have not analyzed the issue specifically under Fitzgerald. E.g. Fierro v. N.Y.C. Dep't of Educ. 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014); E.C. ex. rel. R.C. v. County of Suffolk, 882 F. Supp. 2d 323, 355 (E.D.N.Y. 2012);  M.H. v. Mount Vernon City School District, 13 Civ. 3596 (VB), 2014 U.S. Dist. LEXIS 32640, at *25, n. 8 (S.D.N.Y. Mar. 3, 2014);  Pape v. Board of Education of the Wappingers Central School District, 07 Civ. 8828 (KMK), 2009 U.S. Dist. LEXIS 91738, at *20 (S.D.N.Y. Sept.  28, 2009);  McGibney v. Connetquot Central School District, 14 Civ. 1591 (ADS)(GRB), 2015 U.S. Dist. LEXIS 14580, at *29 (E.D.N.Y. Feb. 6, 2015);  Lener v. Hempstead Public Schools, 12 Civ. 3340 (JFB)(SIL), 2014 U.S. Dist. LEXIS 133773, at *30 (E.D.N.Y. Sept. 23, 2014);  Brown v. Research Foundation of SUNY, 08 Civ. 592 (TJM), 2009 U.S. Dist. LEXIS 45971, at *34 (N.D.N.Y. May 28, 2009).

As such, the aforesaid provides an additional reason for the dismissal of plaintiff's §1983 municipal liability claims in this case beyond what was argued by defendant in the summary judgment briefing.

**POINT II**

**THERE IS NO CLEAR PRECEDENT AS TO WHETHER THIS COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S STATE LAW FALSE ARREST AND ASSAULT AND BATTERY CLAIMS**

In its Order of April 15, 2015, the Court also *sua sponte* raised the issue of whether Counts III (State Law False Arrest) and IV (Assault and Battery) of plaintiff's Amended Complaint are barred by §8 of the New York Court of Claims Act for lack of federal subject matter jurisdiction.[1] Defendant respectfully submits the following considerations on this issue. Defendant also respectfully submits, however, that all things considered, since at least a portion of plaintiff's ADA and Rehabilitation Act claims will survive defendant's motion for partial summary judgment, that judicial economy would be served by keeping all of plaintiff's remaining claims together in this Court, if the Court finds that subject matter jurisdiction exists.

The Eleventh Amendment to the Unites States Constitution states as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has stated: "Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction

---

[1] Plaintiff alleges that subject matter jurisdiction exists in this Court for her lawsuit as it arises out of federal statute, as well as that the Court has jurisdiction over her State and local law claims based on the principles of pendent and ancillary jurisdiction. (Amended Complaint, ¶ 4)

over that claim is barred by the Eleventh Amendment. The…claim[s] here, cast as question[s] of New York law, are claim[s] against the State for retroactive monetary relief. In the absence of the State's consent…, the suit is barred by the Eleventh Amendment." County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 251-253 (1985) (quoting Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 121(1984). In such an analysis, "whether the State has consented to waive its constitutional immunity is the critical factor in whether the federal courts properly exercised ancillary jurisdiction [over the state common law claims]." Id. (quoting Pennhurst, 465 U.S. 89 at 121).

The United States Supreme Court then stated in County of Oneida: "As we said in Pennhurst, "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Id. The United Supreme Court in County of Oneida then proceeded to dismiss a New York state law indemnity claim because it presented a question of state law and there was no evidence that the State had waived its constitutional immunity to suit for said claim in federal court. Id. The United States Supreme Court further reasoned that the state law indemnity claim arose out of no federal statute. Id.

§8 of the New York Court of Claims Act states as follows: "The State hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations." New York Court of Claims Act, §8. "The waiver includes all claims over which the Court of Claims has jurisdiction—appropriation, breach of contract and torts—and applies the rule of respondeat superior to the State." Brown v. State of New York, 89 N.Y.2d 172, 181 (1996) (extending jurisdiction of the New York Court of Claims to certain New York State constitutional tort actions for monetary damages). In Brown,

the dissent noted that it did not "doubt for a moment that the Court of Claims possesses jurisdiction over 'constitutional tort' type claims when they share a recognized common-law lineage or specifically authorized root such as assault, false arrest, trespass, malicious prosecution and many more." Id. at 193. The New York State Constitution, §12, states that the "right of the people to be secure in their persons, house, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized," and the Brown majority found that the New York State Constitution, §12, was sufficient to establish a cause of action "to secure liberty interests" independent of the common law. Brown at 191.

It has been a longstanding rule of law that the State of New York has waived sovereign immunity from §1983 suits only to the extent of consenting to be sued for such claims in the New York State Court of Claims. Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 38-40 (1977). Trotman was "faced with the question of whether New York has waived its Eleventh Amendment immunity from federal suit" in §1983 cases. Id. at 38. The "State has assumed liability for damages of this character on the express condition that the claimant complies with the limitations of the Court of Claims Act. Id. at 39-40 (quoting Conklin v. Palisades Interstate Park Comm'n, 282 A.D. 728 (2d Dep't 1953)). Quoting Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 54 (1944), the Second Circuit Court of Appeals in Trotman rejected the notion that the State had waived immunity from §1983 suits in federal court: "When a state authorizes a suit against itself to do justice to taxpayers who deem themselves injured by any exaction, it is not consonant with our dual system for the federal courts to be astute to read the consent to embrace federal as well as state courts….When we are dealing with the sovereign

7

exemption from judicial interference in the vital field of financial administration a clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found." Id.

Any waiver by the City of New York of sovereign immunity is derivative from that of the State of New York. Discussing §8 of the New York Court of Claims Act, the New York Court of Appeals in Bernadine v. City of New York, 294 N.Y. 361, 365 (1945), stated that "[t]he gist of this waiver and consent of the State has been operative since 1929, and is limited only by the incidental procedure prescribed in article II of the same [Court of Claims] Act. None of the civil divisions of the State - its counties, towns and villages - has any independent sovereignty. (internal citations omitted) The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed. (internal citations omitted) On the waiver by the State of its own sovereign dispensation, that extension naturally was at an end and thus we were brought all the way round to a point where the civil divisions of the State are answerable equally…" Id.; see also Bloom v. Jewish Board of Guardians, 286 N.Y. 349 (1941) (As defendant school was exercising function delegated to it by the State, it enjoyed the same immunity as the State, however, it had waived immunity from suit to the same extent as the State had by virtue of the Court of Claims Act since waiver to immunity was derivative); County of Nassau v. South Farmingdale Water District, 62 A.D.2d 380, 387 (2d Dep't 1978) (Waiver of immunity by State in Court of Claims Act derivatively applied to subdivisions of the State); McCarthy v. City of Saratoga Springs, 269 A.D. 469 (3rd Dep't 1951) ("A city or county performing governmental functions does so under delegated powers from the State, and acts under the same immunity, if any, enjoyed by the State"); Holmes v. County of Erie, 266 A.D. 220, 221-223 (4th Dep't 1943) (County's immunity

8

derives from the State's while performing functions delegated to it by the State); Daniels v. City of Syracuse, 200 Misc. 415, 416 (S. Ct. Onondaga Cty. 1951) (New York State's waiver to suit as set forth in Court of Claims Act extended to subdivisions of the State, counties, and cites, and even to quasi-private corporations exercising governmental functions).

The issue of whether there has been a waiver of immunity from suit for certain police functions by municipalities has long been analyzed under the aforesaid derivative theory arising from the State's waiver of immunity for certain claims by virtue of the New York Court of Claims Act, §8, and its predecessors. Jones v. State of New York, 33 N.Y.2d 275, 283-285 (1973) ("The courts found little difficulty in applying the principle of *respondeat superior* and imposing liability upon the State or its municipalities for the intentional torts of police officers committed in the performance of their official duties… [I]t was the waiver of immunity in the Court of Claims Act that removed the bar that previously prevented actions based on police torts") (collecting cases); Bernadine, supra, 294 N.Y. 364-367 (liability of the City of New York for negligence arising out of a runaway police horse on which a mounted police officer was riding); McCarthy, supra, 269 A.D. at 469 (assault by police officer); Koeppe v. City of Hudson, 276 A.D. 443, 444 (3rd Dep't 1950) (warrantless arrest by police chief); Daniels, supra, 200 Misc. at 415-417 (assault by police officer of prisoner in police headquarters).

Defendant has located no clear declaration by the State of New York (and therefore derivatively by the City) consenting to a suit of the type that remains in this case in federal court, and it could therefore be argued that there has been no waiver of sovereign immunity by the City for plaintiff's state law claims. See County of Oneida, 470 U.S. at 251-253; Trotman, 557 F.2d at 38-40; Brown, 89 N.Y.2d at 179-183, 193. Defendant does respectfully submit that plaintiff should not have any remaining §1983 claims upon the Court's

9

consideration of the arguments of defendant in its motion for partial summary judgment and herein in Point I above. In fact, plaintiff never named an individual police officer as a defendant, a claim which if it had been brought potentially could have given rise to §1983 liability for false arrest and/or excessive force, the federal corresponding claims to the state law claims brought in Counts III and IV in plaintiff's Amended Complaint. In the event of dismissal of plaintiff's §1983 claims, the remaining federal statutes giving rise to federal question jurisdiction in this Court would be the Americans with Disabilities and Rehabilitation Acts, statutes that lend themselves to claims that are of a type and character different than plaintiff's state law false arrest and assault and battery claims or §1983 claims, if they had been brought.

§1983 claims and pendent state law claims of a similar type and character have often been brought together in New York federal district courts for some time. However, in such circumstances, the federal and state law causes of action often have the same or overlapping elements. See e.g. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (false arrest); Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (malicious prosecution). In such circumstances, unlike what was presented in County of Oneida, and unlike what is presented in this lawsuit, there could also be a violation of the federal statute giving rise to federal jurisdiction for a claim of the same character which the State of New York had waived sovereign immunity as to liability upon proper suit in the Court of Claims and which was the basis of the pendent claim. See Trotman, supra, 557 F.2d at 38-40; St. Martin v. Fiala, 11 Civ. 649OT, 2011 U.S. Dist. LEXIS 147835, at *3 (W.D.N.Y. 2011). However, there defendant respectfully submits that there is no clear precedent as to whether the State of New York (and derivatively the City) has made a clear declaration consenting to suit in federal court for New York state law torts of the character brought in this lawsuit where there would be no remaining federal claims of the

same character under §1983. As such, the question of whether there is subject matter jurisdiction in this Court for Counts III and IV of plaintiff's Amended Complaint under County of Oneida, supra, 470 U.S. at 251-253, is an open one.

At least one district court in this Circuit has declined to exercise supplemental jurisdiction for New York State Constitutional torts, upon raising an issue similar to the one raised by the Court *sua sponte* here. In Cea v. Ulster County, 309 F. Supp.2d 321 (N.D.N.Y. 2004), that plaintiff brought federal and state law causes of action arising from an arrest by Ulster County sheriffs at her home. In part, the plaintiff in that case brought New York State Constitutional torts against Ulster County in said federal court. The plaintiff therein argued that said claims could be brought under Brown v. State of New York, supra, which as seen had ruled that the State of New York had waived sovereign immunity to the extent that it was permitting itself to be sued for certain New York State Constitutional torts in the New York State Court of Claims. Id.

The Cea court held, however, that "[a] fair reading of Brown, however, does not support the broad proposition on which Plaintiff relies. In Brown, the Court of Appeals affirmed the jurisdiction of the Court of Claims with respect to specific constitutional torts, noting that §§8 and 9 of the Court of Claims Act waived any Eleventh Amendment protection that may have applied. The court then sustained a cause of action against the State for violation of the New York State Constitution. (internal citations omitted) Whether such a claim could be brought against a local government in federal court was not specifically addressed in Brown." Cea, 309 F. Supp. 2d at 336-337.

The Cea court went on to rule, "[a]lthough the Brown decision may suggest that a state constitutional tort action may be brought against a county as well as the State, it is not clear

11

that the Court of Claims Act would apply in every respect, i.e., *respondeat superior* liability, to an action initiated in another forum." (internal citations omitted)  Noting that the parties had not addressed said issue, and that the case law had not definitively addressed the issue either, the Cea court declined to exercise supplemental jurisdiction over the New York State Constitutional tort claims brought in that case, as it ruled that the issue was novel and that the courts of the State of New York should address it in the first instance.  Id.

Should the Court find that federal subject matter jurisdiction technically exists for plaintiff's state law claims, defendant respectfully submits that the Court should exercise pendent jurisdiction over plaintiff's state law claims in its discretion.  "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority' . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"  United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966) (quoting U.S. Const., Art. III, §2).   Should there technically be subject matter jurisdiction based on the authorities set forth in Point II herein, the Court has discretion as to whether to retain pendent jurisdiction over plaintiff's state law claims.  See Id. at 726.  In that event, defendant suggests that judicial economy dictates that all of plaintiff's remaining claims be tried together in this forum, and not piecemeal.

**CONCLUSION**

For the foregoing reasons, 1) plaintiff's claims brought pursuant to 42 U.S.C. §1983 for municipal liability should be dismissed as precluded by the remedial scheme of Title II of the Americans with Disabilities Act; and 2) there is no clear precedent as to whether plaintiff's

state law false arrest and assault and battery claims should be dismissed for lack of federal subject matter jurisdiction based on §8 of the New York Court of Claims Act.

Dated:     New York, New York
            May 6, 2015

                          ZACHARY W. CARTER
                          Corporation Counsel of the
                           City of New York
                          Attorney for Defendant City
                          100 Church Street, Room 3-133b
                         New York, New York 10007
                          (212) 356-3519

                        By: _____/s/_____
                            MARK D. ZUCKERMAN
                            Senior Counsel